IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 2:10cr57 |
| v. | ) | |
| | ) | Hon. Raymond A. Jackson |
| MAXAMAD CALI SACIID, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT MOTION TO DISMISS THE INDICTMENT BECAUSE OF DESTRUCTION/SPOLIATION OF EVIDENCE

Defendants Maxamad Cali Saciid, Mohammed Abdi Jamah, Jaamac Ciidle, Abdicasiis Cabaase, Abdirasaq Abshir and Mahamed Farraah Hassan, by counsel, and pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure, hereby move this Honorable Court to dismiss the Indictment in the above-styled case on the grounds of destruction/spoliation of evidence that has impaired defendants' ability to put on a meaningful defense. The Indictment alleges that on or about April 10, 2010, the defendant's committed the crime of piracy (and alleged related offenses) against the USS Ashland in the Gulf of Aden. The USS Ashland crew destroyed the skiff in which the defendants were found. Pursuant to Rule 12(b)(2), this Court should dismiss the Indictment.

## BACKGROUND

According to the government's version of events, on or about April 10, 2010, the defendants were passengers on a small boat near the USS Ashland in the Gulf of Aden. The government maintains that someone on the small boat fired a weapon at the USS Ashland, and the Ashland responded by firing on the small boat, destroying it. According to discovery documents received from the government, one report states: "The small vessel was subsequently [after photos were taken] destroyed and sunk by V/USS ASHLAND."

ARGUMENT

Both the Fifth and the Sixth Amendments guarantee an accused "a meaningful opportunity to present a complete defense." *United States v. Scheffer*, 523 U.S. 303, 329 (1998). Where crucial evidence is destroyed, defendant cannot present a complete defense to the charges against him. Spoliation has been defined as the willful destruction of evidence or the failure to preserve potential evidence for another's use in pending or future litigation. Essentially, under the spoliation of evidence doctrine, the general rule is "bad faith destruction of [evidence] relevant to proof of an issue at trial gives rise to an inference that production of the [evidence] would have been unfavorable to the party responsible for its destruction." *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (l0th Cir. 1997). A finding of bad faith by the party destroying the evidence is necessary to apply an adverse inference. *Id.* (citations omitted).

*Arizona v. Youngblood*, 488 U.S. 51 (1988) and *California v. Trombetta*, 467 U.S. 479 (1984) govern cases in which the government no longer possess the disputed evidence. *United States v. Femia*, 9 F.3d 990, 993 (1st Cir. 1993). This standard, culled from *Trombetta*, 467 U.S. at 488-89, and *Youngblood*, 488 U.S. at 58, establishes three hurdles. The defendant must show that, in failing to preserve the evidence, the government, (1) acted in bad faith when it destroyed the evidence, which (2) possessed an apparent exculpatory value and which (3) is to some extent irreplaceable. *See Femia*, 9 F.3d at 993-94; *United States v. Ossai*, 485 F.3d 25 (1st Cir. 2007). The defendant bears the burden of proof on all three elements. *United States v. Marshall*, 109 F.3d 94, 98 (1st Cir. 1997).

Defendants submit that the Indictment should be dismissed because:

(1) **The crew acted in bad faith.** The crew of the USS Ashland acted in bad faith in destroying the skiff. Instead of totally destroying and sinking the skiff, it should have been preserved

by the crew, whether or not they gave any thought at that time to possible future litigation.   The

photographs taken by the crew before the skiff was totally destroyed do not present a true picture of

what was aboard the skiff, because the initial 25mm rounds fired upon the skiff by the USS Ashland

set the skiff on fire, causing the occupants to either be blown into the water, or they jumped into the

water.   There was no reason for the crew to destroy and sink this crucial piece of evidence.

(2) **The evidence possessed an apparent exculpatory value.** Unquestionably, the skiff

possessed serious exculpatory value.   The government maintains that the defendants were pirates,

instead of smugglers.   The defendants ability to defend themselves against these allegations has been

hindered, because all possible exculpating evidence was destroyed when the crew sank the skiff and

all of its contents.   The destruction/spoliation of this evidence gives rise to an inference that

production of the evidence would have been unfavorable to the government's allegations of piracy.

(3) **The evidence is fully irreplaceable.**   Without question, there is no way that this

evidence can be replaced, or comparable evidence obtained.   The photographs taken after the skiff

had burned for a period of time are also not comparable to the actual skiff and its contents.

## CONCLUSION

For the reasons set forth above, the defendants respectfully request this Court grant this

motion to dismiss the Indictment.

Respectfully submitted,

MAXAMAD CALI SACIID

MOHAMMED ABDI JAMAH

JAAMAC CIIDLE

ABDICASIIS CABAASE

ABDIRASAQ ABSHIR

MAHAMED FARRAAH HASSAN


By:            /s/
Keith Loren Kimball


Keith Loren Kimball
VSB # 31046
Arenda Allen
VSB # 35517
Attorneys for Maxamad Cali Saciid
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0800
(757) 457-0880 (telefax)
keith_kimball@fd.org
arenda_allen@fd.org

Robert Rigney
VSB # 27537
Attorney for Defendant Mohammed Abdi Jamah
BB & T Building, Suite 1520
500 East Main Street
Norfolk, Virginia 23510
(757) 625-1775
(757) 625-1887 (telefax)
rigney@prlaw.org

Christian Connell
VSB # 35009
Attorney for Defendant Jaamac Ciidle
555 E. Main Street, Suite 1410
Norfolk, Virginia 23510
(757) 533-6500
(757) 533-6565 (telefax)
christian.connell@verizon.net

Bruce Sams
VSB # 21702
Attorney for Defendant Abdicasiis Cabaase

208 Plume Street, Suite 210
Norfolk, Virginia 23510
(757) 627-3999
(757) 627-4042 (telefax)
samsandgilchrist@sag.hrcoxmail.com

Trey Kelleter
VSB # 41606
Attorney for Defendant Abdirasaq Abshir
500 World Trade Center
Norfolk, Virginia 23510
(757) 446-8697
(757) 446-8670 (telefax)
tkelleter@vanblk.com

David Good
Attorney for Defendant Mahamed Farraah Hassan
VSB # 44107
2492 North Landing Road, Suite 104
Virginia Beach, Virginia 23456
(757) 306-1331
(757) 301-3640 (telefax)
dgood@dgoodlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on this 9th day of June, 2010, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to:


Ben Hatch
Assistant United States Attorney
Office of the United States Attorney
600 East Main Street, Suite 1800
Richmond, Virginia 23219
ben.hatch@usdoj.gov

and

Joseph DePadilla
Assistant United States Attorney
Office of the United States Attorney

101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
joe.depadilla@usdoj.gov


_____/s/_____
Keith Loren Kimball
VSB # 31046
Attorney for Defendant Maxamad Saciid
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0800
(757) 457-0880 (telefax)
keith_kimball@fd.org