IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CRIMINAL NO. 2:10cr57 |
| v. | ) | |
| | ) | |
| | ) | |
| MAXAMAD CALI SACIID, | ) | |
|    a/k/a Mohammed Said, | ) | |
| | ) | |
| MOHAMMED ABDI JAMAH, | ) | |
| | ) | |
| JAAMAC CIIDLE, | ) | |
| | ) | |
| ABDICASIIS CABAASE, | ) | |
| | ) | |
| ABDIRASAQ ABSHIR, | ) | |
| | ) | |
| MAHAMED FARRAAH HASSAN, | ) | |
| | ) | |
|    Defendants. | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT MOTION FOR A BILL OF PARTICULAR AS TO COUNTS 3 AND 5

The United States of America, by it attorneys, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, and Benjamin L. Hatch, Joseph E. Depadilla, and Raymond E. Patricco, Jr., Assistant United States Attorneys, respectfully submits this response to Defendants' Joint Motion for a Bill of Particulars as to Counts 3 and 5 (hereinafter "Motion for Bill of Particulars").  For the reasons stated in detail here, the government respectfully submits that the defendants' motion should be denied.

1

**ARGUMENT**

I.   **Defendants' Motion Misapprehends the Function of an Indictment and the Purpose of a Bill of Particulars.**

   A.   **The indictment meets the requirements of FED. R. CRIM. P. 7**.

   An indictment fulfills the requirements of the Federal Rules of Criminal Procedure when it is a "plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(l); *United States v. Duncan*, 598 F.2d 839, 848 (4th Cir. 1979); *United States v. Brown*, 784 F. Supp. 322, 323 (E.D. Va. 1992).  Rule 7 mandates that all the essential elements of the offense be alleged along with sufficient additional facts to allow the indictment to be used as proof to bar a subsequent prosecution for the same offense.  *Duncan*, 598 F.2d at 848.  The facts alleged should also be sufficiently detailed to allow a defendant to prepare his defense.  *Id.*

   The indictment in this case amply meets these requirements.  Count 3 of the indictment clearly sets out the date of the alleged offense, April 10, 2010, and the essential facts constituting the alleged offense, that the defendants did assault with a dangerous weapon – a firearm – with intent to do bodily harm, and without just cause or excuse, crew members of the USS Ashland and that the defendants did aid, abet, counsel, command, induce and cause each other and others to commit the offense.  Count 5 of the indictment clearly sets out the date of the alleged offense, April 10, 2010, as well as the essential facts of the charged offense – that the defendants knowingly and unlawfully used a firearm during a crime of violence, specifically, the other offenses alleged in Counts1, 2, and 3.

   The defendants' incorrectly argue that Count 3 and Count 5  must also allege other details, such as which defendants used the firearm or aided and abetted in the use of the firearm.

2

A bill of particulars, under Fed. R. Crim. Pr. 7(f), provides essential facts omitted from the indictment, *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973), *aff'd* 417 U.S. 211 (1974), but does not "provide 'detailed disclosure of the government's evidence in advance of trial.'" *Anderson*, 481 F.2d at 690 (*quoting Dillen v. Wainwright*, 449 F.2d 331, 332 (5th Cir. 1971)).  Requiring the government to provide detailed disclosure as to the evidence the government will present at trial, including specifying which defendant or defendants used the firearm, goes beyond the function of a bill of particulars.

The defendants argue a bill of particulars is necessary in this case to "clarify the specific factual theory (or theories) upon which the government [is] proceeding."  Motion for a Bill of Particulars at 4 (*quoting United States v. Chandler*, 753 F.2d 360, 362 (4th Cir. 1985)).  However, in *Chandler*, the offense charged was stated generically and permitted two factual alternative means for committing the offense.  *See Chandler*, 753 F.2d at 362.  Unlike in *Chandler*, no factual clarification of the indictment is necessary in this case.  Count 3 or Count 5 plainly state the means by which the offenses were committed.  The defendants did assault with a dangerous weapon the crew members of the USS Ashland and did aid and abet each other and others in the commission of that offense, and did use a firearm during a crime of violence, specifically the offenses alleged in Counts 1, 2, and 3 of the indictment.  That Counts 3 and 5, like the other counts, include aider and abettor and *Pinkerton* liability, is merely a function of the rules of vicarious liability and not a basis for a bill of particulars.

Likewise, the defendants incorrectly rely on *United States v. Ramirez* to suggest the government must particularly describe the role of each defendant in the offense.  The superseding indictment in *United States v. Ramirez* included five defendants with nine counts,

3

including one count each of conspiracy to distribute and possess with intent to distribute

narcotics, beginning in the spring of 1998 and concluding on or about February 9, 1999. *United

States v. Ramirez*, 54 F. Supp. 2d 25, 27-28 (D.D.C. 1999). The court concluded "a bill of

particulars is all the more important in a narcotics conspiracy case because the indictment itself

provides so little detail." *Id.* at 30. The nature of the lengthy narcotics conspiracy and the lack

of averred overt acts taken in furtherance of the conspiracy led the court in *Ramirez* to conclude

a bill of particulars, setting forth the "particulars as to all overt acts (or at least all meetings and

conversations) in which any defendant participated so that each defendant may understand the

government's view of his alleged role in the conspiracy" was appropriate. *Id.*

No such lengthy conspiracy, spanning multiple months and involving multiple

conspirators and co-conspirators, is charged here. Notably, the defendants have not even sought

a bill of particulars on the conspiracy count alleged in the indictment (Count 4). The six

defendants are charged in Count 3 of the indictment with assault with a dangerous weapon in the

special maritime jurisdiction of the United States in violation of 18 U.S.C. §§ 113(a), 3238 and

2. The range of conduct alleged in Count 3 takes place in one day, April 10, 2010. It is clear

from the indictment that each of the six defendants has enough information from which to

prepare his defense and to plead it as a bar to any future prosecution. Count 5 of the indictment

charged the same six defendants with the use of firearm during a crime of violence, and

incorporates the earlier counts of the indictment. Again, the charged conduct occurred in one

day, April 10, 2010.

The defendants incorrectly argue the indictment must also allege who used the firearm or

provide other details and evidence regarding the charged offense. Although Count 3 and Count

5 both allege aider and abetter liability under 18 U.S.C. § 2, an indictment need not specifically

allege this or *Pinkerton* liability. *United States v. Ashley*, -- F.3d --, 2010 WL 2169079, *7 (4th

Cir. June 1, 2010); *Pigford v. United States*, 518 F.2d 831, 834 (4th Cir. 1975). Because neither

aider and abetter nor *Pinkerton* liability need be specifically alleged, it follows the indictment is

not required to allege the specific manner in which the defendants aided and abetted the offense,

including which defendant or defendants used the firearm, or facilitated the use of the firearm. A

bill of particulars would therefore be inappropriate.

Because Count 3 and Count 5 omit no essential details and amply allow the defendants to

prepare their defenses, the motion for a bill of particulars should be denied.

**B.      A bill of particulars is not a tool for discovery**.

The function of a bill of particulars under Federal Rule of Criminal Procedure 7(f) is to

provide any essential detail omitted from the indictment. *United States v. Anderson*, 481 F.2d

685, 690 (4th Cir. 1973), *aff'd*, 417 U.S. 211 (1974). "A bill of particulars should be required

only where the charges of the indictment are so general that they do not advise the defendant of

the specific acts of which he is accused." *United States v. Torres*, 901 F.2d, 205, 234 (2d Cir.

1990). The purpose of a bill of particulars is not to provide detailed disclosure of the

government's evidence prior to trial, but rather to fairly inform the defendants of the charges so

that they may adequately prepare a defense, avoid or minimize surprise at trial, and plead in bar

of another prosecution for the same offense. *Wong Tai v. United States*, 273 U.S. 77, 82-83

(l927); *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996); *United States v. Automated

Medical Laboratories, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985); *United States v. Dulin*, 4l0 F.2d

363, 364 (4th Cir. l969).[1]

Bills of particulars should be denied where underlying evidentiary matter is requested. Bills of particulars are not designed to compel the government to disclose its theory of the case, its witnesses, or a detailed description of the manner and means by which the crime was committed. *See, e.g.*, *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (holding that no elaboration was necessary in a case involving conspiracy to distribute marijuana); *United States v. Little*, 562 F.2d 578, 58l (8th Cir. 1977) (holding that defendant's motion seeking names of investigators, grand jury witnesses and anticipated trial witnesses was not required under Rule 7); *United States v. Armocida*, 515 F.2d 49, 54-55 (3d Cir. 1975) ("request for 'wholesale discovery of the Government's evidence' . . . is not the purpose of a bill of particulars").

The government is not required to reveal the details of its evidence or the precise manner in which the prosecution will attempt to prove the charges alleged. *See United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 782-83 (E.D. Va. 2004). The defendant is not entitled to have the government furnish the precise manner in which the crimes charged in the indictment were committed. *See United States v. Andrews*, 381 F.2d 377, 377-78 (2d Cir. 1967). Particulars with respect to the time of day and exact date of alleged offenses are not required. *United States v. Long*, 449 F.2d 288, 294-95 (8th Cir. 1971) (times of activity during three days in which robbery planned and committed); *United States v. Raineri*, 91 F.R.D. 159, 160-61 (W.D. Wis. 1980) (dates defendant traveled or used a facility in interstate commerce). Neither is the exact location

---

[1] A motion for a bill of particulars is addressed to the sound discretion of the court, whose decision to deny a bill of particulars will be overturned only if it rises to the level of abuse of discretion. *Wong Tai*, 273 U.S. at 82; *United States v. Bales*, 813 F.2d 1289, 1294 (4th Cir. 1987); *United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985).

of alleged continuing acts required to be disclosed.  *United States v. White*, 50 F.R.D. 70 (N.D.

Ga. 1970).

Because the indictment omits no essential detail, and amply allows the defendants to

prepare their defense, the pretrial discovery the defendants seek through the vehicle of a motion

for a bill of particulars should be denied.

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that the Court should

deny the defendant's Motion for a Bill of Particulars.


Respectfully submitted,

Neil H. MacBride
United States Attorney


By:   _____/s/_____
Benjamin L. Hatch
Assistant United States Attorney
United States Attorney's Office
600 East Main Street, Suite 1800
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: Benjamin.Hatch@usdoj.gov


By:   _____/s/_____
Joseph E. DePadilla
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000

Norfolk, VA 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
E-Mail Address:  joe.depadilla@usdoj.gov


By: _____/s/_____
Raymond E. Patricco, Jr.
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA. 22301
Phone: (703) 299-3700
Fax: (703) 299-3982
Email: raymond.patricco@usdoj.gov

Certificate of Service

I hereby certify that on the 21st day of June, 2010, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will send a notification to the following:

Keith Loren Kimball
Counsel for MAXAMAD CALI SACIID

Robert Bryan Rigney
Counsel for MOHAMMED ABDI JAMAH

Christian Lee Connell
Counsel for JAAMAC CIIDLE

Bruce Christopher Sams
Counsel for ABDICASIIS CABAASE

Trey Robert Kelleter
Counsel for ABDIRASAQ ABSHIR

David Michael Goode
Counsel for MAHAMED FARRAAH HASSAN

                                    _____/s/_____
                                    Benjamin L. Hatch
                                    Assistant United States Attorney
                                    United States Attorney's Office
                                    600 East Main Street, Suite 1800
                                    Richmond, Virginia 23219
                                    Phone: (804) 819-5400
                                    Fax: (804) 771-2316
                                    Email: Benjamin.Hatch@usdoj.gov