

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MOHAMED ALI SAID,**

        Petitioner,

v.                            **CRIMINAL ACTION NO. 2:10-cr-57-1**

**UNITED STATES OF AMERICA,**

        Respondent.

*MEMORANDUM OPINION AND ORDER*

On June 22, 2020, Petitioner filed, through counsel, a Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF 533. On July 17, 2020, the Government filed a motion to dismiss or strike Petitioner's Motion and Petitioner responded. ECF Nos. 535, 540. Having reviewed the motion and filings, this Court finds that a hearing is not necessary to address these motions. For the reasons set forth below, the Government's Motion is **GRANTED**, Petitioner's Motion is **DISMISSED** without prejudice, and Petitioner is **GRANTED** leave to file his petition in compliance with the rules governing a petition pursuant to 28 U.S.C. § 2255.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 27, 2013, Petitioner was convicted by jury of the following:

- Count 1: Conspiracy to Commit Hostage Taking, in violation of 18 U.S.C. § 1203(a);
- Count 2: Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. § 1201(c);
- Count 3: Conspiracy to Perform Act of Violence Against Persons on a Vessel, in violation of 18 U.S.C. § 2291(a)(9);
- Count 4: Conspiracy Involving a Firearm and a Crime of Violence, in violation of § 924(o);
- Count 5: Piracy under the Law of Nations, in violation of 18 U.S.C. § 1651;
- Count 6: Attack to Plunder a Vessel, in violation of 18 U.S.C. § 1659;
- Count 7: Assault with a Dangerous Weapon on Federal Officers and Employees, in violation of 18 U.S.C. § 111(a)(1), (b);
- Count 8: Act of Violence against Persons on a Vessel, in violation of 18 U.S.C. § 2291(a)(6);
- Counts 9 and 10: Use or Possession of a Firearm During a Crime of Violence, in

1

violation of 18 U.S.C. § 924(c)(1)(A).

ECF No. 204. On March 13, 2013, Petitioner moved for acquittal pursuant to Rule 29 and filed a Motion to Dismiss Count Two. ECF Nos. 222, 223. On August 1, 2013, the Court denied Petitioner's motion to dismiss. ECF No. 244. On February 28, 2014, the Court declined to impose statutorily mandated life sentences on the Petitioner, reasoning that such a sentence would contravene the Eighth Amendment's prohibition against cruel and unusual punishment. ECF No. 260. On May 16, 2014, Petitioner was sentenced to a total of 500 months' imprisonment. ECF No. 274. On May 21, 2014, the Government filed an appeal with the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). ECF No. 287. On August 13, 2015, the Fourth Circuit reversed the Eighth Amendment Order, vacated the defendants' sentences, and remanded for resentencing. ECF Nos. 342, 343; *see also United States v. Said*, 680 F.3d 374 (4th Cir. 2012). On September 9, 2016, the Supreme Court of the United States denied Petitioner's Writ for Certiorari. ECF No. 351. On November 8, 2016, Petitioner was re-sentenced to a total of 360 months imprisonment, including 120 months for Count 4, and 180 months on Counts 9 and 10. ECF No. 375, 379. On July 29, 2020, the Court denied Petitioner's Motion to reduce under the First Step Act. ECF No. 490.

## II. LEGAL STANDARD

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

2

Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Ineffective assistance of counsel claims should generally be raised in a collateral motion instead of on direct appeal and constitute sufficient cause to review a procedurally defaulted claim. *See Untied States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008); *Mikalajunas*, 186 F.3d at 493. Moreover, a habeas petition is cognizable when, based on a change in the law subsequent to his conviction, a defendant claims that his "conviction and punishment are for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, at 346 (1974); *see also Welch v. United States*, 136 S. Ct.

1257, 1267 (2016); *Teague v. Lane*, 489 U.S. 288 (1989).

### III. DISCUSSION

Petitioner filed, through counsel, a Motion to vacate his convictions on Counts 4, 9, and 10 of the second Superseding Indictment in light of the Supreme Court's decision in *Davis* and *Johnson*. ECF 533. *See United States v. Davis*, 139 S. Ct. 2319 (2019) (holding that the residual clause of definition of violent felony in § 924, providing mandatory minimum sentences based on using, carrying, or possessing a firearm in connection with a federal crime of violence, was unconstitutionally vague.); *see, Johnson v. United States*, 576 U.S. 591, 591 (2015) (holding that 18 U.S.C.A. § 924(e)(2)(B)(ii)'s definition of prior "violent felony" in the residual clause of the Armed Career Criminal Act is unconstitutionally vague under due process principles.); *see also*, *Welch v. United States*, 136 S. Ct. 1257, 1263-1268 (2016) (holding that the *Johnson* decision, announced a substantive rule that applied retroactively on collateral review.).

The Government argues that Petitioner's motion does not conform to the Rules Governing § 2255 Proceedings for four reasons. ECF No. 535 at 4. First, the Government contends that the Motion is not signed under penalty of perjury, as required, by either the Petitioner or an authorized person. *Id.* Second, the Government argues that the Federal Public Defenders ("FPD") who signed Petitioner's motion cannot serve as counsel for Petitioner because the FPD has not been appointed as counsel by the Court for this § 2255 Motion. Third, the Government argues that Petitioner's right to counsel with the FPD does not extend to the instant post-conviction proceeding pursuant to 18 U.S.C. § 3006A(c). *Id.* Fourth, the Government argues that the FPD has a conflict of interest in representing Petitioner on this collateral attack because Petitioner may want to bring an ineffective assistance of counsel claim. *Id.*

4

In response, Petitioner argues that he did sign his § 2255 motion under penalty of perjury, through counsel, who is authorized to sign. ECF No. 540 at 2. Second, Petitioner argues that the FPD does not have a conflict of interest in representing him. *Id.* at 3. Third, Petitioner argues that since the Criminal Justice Act ("CJA") encompasses representation with respect to "ancillary matters" related to the defense of the principal criminal charges, the FPD remains obligated to represent Petitioner on this instant "ancillary matter" pursuant to 18 U.S.C. § 3006A(c). *Id.* at 5-12. Finally, Petitioner argues that if the Court does hold that the FPD's prior appointment expired, that the Court should re-appoint the FPD or appoint CJA counsel. *Id.* at 12.

At the heart of this matter are two questions: (1) whether Petitioner's § 2255 claim qualifies as a "ancillary matter" pursuant to 18 U.S.C. § 3006A(c); and (2), if so, whether the FPD remains obligated to represent Petitioner in his § 2255 motion for this "ancillary matter." The Court first addresses these central questions before turning to the other related issues.

## A. The Right to Counsel in "Ancillary Matters"

### 1. "Ancillary Matters"

The constitutional right to counsel extends to "ancillary matters" through appeal. Specifically, the Criminal Justice Act (CJA) provides the following about the duration of appointments:

> (c) Duration and substitution of appointments— A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, *including ancillary matters appropriate to the proceedings.*

18 U.S.C. § 3006A(c) (*emphasis added*).

An examination of the legislative history shows that Congress intended for "ancillary matters" to include efforts outside of the original proceeding that protect the constitutional rights of the accused. *See* H.R. Rep. No. 1546, 91st Cong., 2d Sess., reprinted in 1970 U.S.C.C.A.N. 3982, 3989. According to the legislative history:

> The act would not only provide for appointed counsel at every stage of the trial from initial appearance through appeal, but also for 'ancillary matters appropriate to the proceedings.' This provision is necessary to ensure that the rights of the persons are fully protected. Many times remedies technically outside the scope of the trial proper may be necessary to insure that the rights of the persons are fully protected.... Although there is no apparent ruling to the contrary, the express inclusion of 'ancillary matters appropriate to the proceedings' will insure that the attorney who spends time and effort to protect a right considered valuable in defending the principal criminal charge can be compensated under the Act.

*Id.* Based on the legislative history, this Court finds that the purpose of CJA is to ensure effective representation for those charged with a crime or confronted with the risk of being deprived constitutional rights in ancillary post-conviction proceedings *through appeal* that are sufficiently related to the principal criminal case. H.R. Rep. No. 91-1546, 91st Cong. 2d Sess., reprinted in (1970) U.S.Code Cong. & Ad.News, at 3983; CONG.REC. 13728 (1970); *see also, United States v. Smith*, 633 F.2d 739, 741 (7th Cir. 1980) (holding the same).

Additionally, the Guide to Judiciary Policy instructs that when "determining whether a matter is ancillary to the proceedings, the Court should consider whether the matter, or issues of law or fact in the matter, arose from, or *are the same as or closely related to*, the facts and circumstances surrounding *the principal criminal charge*." Guide to Judiciary Policy, § 210.20.30(b) (*emphasis added*); *see also In re Burger*, 498 U.S. 233, 234-35 (1991) (per curiam) (citing Guide to Judiciary Policy in interpreting CJA); *see also, United States v. Martinson*, 809 F.2d 1364 (9th Cir. 1987) (FPD, once validly appointed to assist movant with respect to criminal indictment, was justified in continuing his representation of movant, after indictment was dismissed, as to motion to return seized guns, given Government's persistent assertion that new indictment would be forthcoming; motion was sufficiently related to criminal case to be considered "ancillary" proceeding.); (quoting *Miranda v. United States*, 455 F.2d 402, 404 (2d Cir. 1972)); *but see, United States v. Vilar*, 979 F. Supp. 2d 443, 447 (S.D.N.Y. 2013) (holding that the defense counsel's work to

protect a defendant's property rights in a related civil case is not an ancillary matter appropriate to the CJA proceedings.).

In the instant case, the Court finds that ancillary matters are those claims brought *through appeal* which the Court determines are sufficiently related to the principal criminal charge(s). Therefore, since Petitioner is bringing this claim *after direct appeal*, his claim is not ancillary to the principal charges.

### 2. The Right to Counsel in Post-Conviction and Post-Direct Appeal Matters

The Sixth Amendment provides that "the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. This language entitles a criminal defendant to effective assistance of counsel at each critical stage of his prosecution, *Kirby v. Illinois,* 406 U.S. 682, 690, (1972), including sentencing, *Mempa v. Rhay,* 389 U.S. 128, 134-37, (1967). In order to satisfy federal due process and equal protection guarantees, a criminal defendant enjoys the right to effective assistance of counsel on direct appeal, when such direct appeal is provided as a matter of right. *See Coleman v. Thompson,* 501 U.S. 722, 755-56, (1991); *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *Ross v. Moffitt,* 417 U.S. 600, 611-615, (1974). In post-conviction proceedings the Court has discretion to appoint counsel if it finds that there are exceptional circumstances. *See Gagnon v. Scarpelli,* 411 U.S. 778 (1973); *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000),

The Criminal Justice Act (CJA) requires appointment of counsel to indigent defendants unable to obtain counsel. When such appointments occur, they extend to "every [critical] stage of the proceedings from [the defendant's] initial appearance before the United States magistrate judge or the Court through appeal, *including ancillary matters appropriate to the proceedings.*" 18 U.S.C. § 3006A(b) (*emphasis added*). Federal Rule of Criminal Procedure 44(a) similarly provides that a

7

defendant "who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance *through appeal*, unless the defendant waives this right." (*emphasis added*). In the present case, Petitioner was appointed counsel with the FPD which attached at the first critical stage and ended after direct appeal.

Also, with respect to post-conviction and post-direct appeals, federal courts have consistently ruled that an incarcerated defendant has no constitutional right to counsel with respect to statutory postconviction motions seeking a reduction in sentence. *See, e.g., United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (holding that a motion pursuant to § 3582(c) "is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.") (citing *United States v. Tidwell*, 178 F.3d 946, at 949 (7th Cir. 1999)); *United States v. Taylor*, 414 F.3d 528, 530 (4th Cir. 2005) (motion to reduce a final sentence pursuant to Fed. Rules Crim. Proc., rule 35(b) is not an ancillary matter); *see also, United States v. Webb* (11th Cir. 2009) 565 F.3d 789, 794–795 (holding that a 3582 motion seeking reduction in sentence based on post-sentencing amendments to the federal sentencing guidelines is not an ancillary matter.); *United States v. Reddick,* 53 F.3d 462, 465 (2d Cir.1995) (holding that "'ancillary matters' refers to those involved 'in defending the principal criminal charge' and not to post-conviction proceedings."); *United States v. Palomo* 80 F.3d 138, 142–143 (5th Cir. 1996) (same); *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995) (same). Moreover, in *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court, while not specifically addressing the right to counsel, held that the Sixth Amendment was not implicated by an incarcerated defendant's motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2).

It is well-established that district courts have discretion to appoint counsel in exceptional circumstances to protect a defendant's constitutional rights. *See Gagnon v. Scarpelli*, 411 U.S.

778, 788, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *see also, Cook v. Bounds,* 518 F.2d 779 (4th Cir. 1975) (holding that the power to appoint is a discretionary one, but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances.); *see also, Gordon v. Leeke,* 574 F.2d 1147, at 1173 (4th Cir. 1978) ("If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."); *see also Branch v. Cole,* 686 F.2d 264, at 266 (5th Cir. 1982) (("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it." (footnote omitted)).

Here, the Court finds that Petitioner's claim does not qualify as an ancillary matter. Therefore, since Petitioner's right to counsel ended after his direct appeal, he does not have the right to counsel for the instant § 2255 motion unless the Court appoints one—which the Court has not done.

**B. Petitioner Did Not Properly File the Instant § 2255 Motion**

After finding that counsel's representation ended after direct appeal, the Court finds that counsel was not authorized to sign and file Petitioner's § 2255 motion. *See* ECF No. 535 at 4-5. Therefore, the Court finds that Petitioner's counsel, Keith Loren Kimball and Andrew W. Grindrod, improperly filed Petitioner's § 2255 motion. Accordingly, Mr. Kimball and Mr. Grindrod will have no further involvement with Petitioner's § 2255 motion.

The Court also finds that while Petitioner agreed to an appeal waiver, Petitioner did not waive his right to collaterally attack his conviction. ECF No. 537, at 2-3 (under seal); *see, United States v. Linder* 552 F.3d 391, 393 n.1 (4th Cir. 2009) (holding that "[Petitioner] waived only his 'right to appeal,' not his right to seek collateral review under § 2255.); *see also, United States v.*

*Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) ("A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly. The government gets what it bargains for but nothing more."). Therefore, Petitioner may bring a § 2255 motion to the Court.

In view of the Court's finding that the FPD was not authorized to file a §2255 petition, the Court does not need to consider the other issues raised in the motion.

## IV. CONCLUSION

For the reasons stated above, the Government's Motion to Dismiss or Strike is **GRANTED**, Petitioner's Motion is **DISMISSED** without prejudice, and Petitioner is **GRANTED** leave to file his petition pursuant to the rules governing § 2255 proceedings within sixty (60) days from the date of this order.

The Court **DIRECTS** the Clerk to provide a copy of this Order to Petitioner and the United States Attorney.

**IT IS SO ORDERED.**

Norfolk, Virginia
November 20, 2020

Raymond A. Jackson
United States District Judge